UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-2222

JORGE ENRIQUE,

     Plaintiff

v.

RAZ CONSTRUCTION, LLC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, JORGE ENRIQUE, by and through undersigned counsel, hereby sues Defendant, RAZ CONSTRUCTION, LLC., on the grounds set forth herein.

Introduction

1. This is an action by Plaintiff, JORGE ENRIQUE (hereinafter, "ENRIQUE" or "Plaintiff"), under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to him by the Defendant RAZ CONSTRUCTION, LLC.'s (hereinafter, "RAZ CONSTRUCTION" or "Defendant"), discriminatory treatment based on his Age.

## Jurisdiction and Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Lee County, Flroida, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiff ENRIQUE is a resident of Lee County, Florida, within the jurisdiction of this Court, who the Defendant employed. The Plaintiff

is a member of certain protected classes of persons because of his Age under federal and state law.

7. Defendant RAZ CONSTRUCTION, is a Florida Limited Liability Company duly registered and conducting business in Lee County, Florida, within the jurisdiction of this Honorable Court.

8. At all relevant times, Defendant RAZ CONSTRUCTION has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h), and at all times relevant Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks.

Procedural Requirements

9. All conditions precedent for this action have been fulfilled. On or about June 3rd, 2026, Plaintiff ENRIQUE dual-filed his Charge of Discrimination with the EEOC and with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about June 5th, 2026, upon request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a "Notice of Right to Sue" with respect to such charge of Discrimination. Consequently, the present Complaint is being filed within 90 days from the

Plaintiff's receipt of the Notice of Right To Sue. *See composite Exhibit "A."*

Statement of Facts

10. Plaintiff, ENRIQUE, is a 68-year-old individual. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. § 760, by virtue of his age as defined under federal and state law.

11. Defendant, RAZ CONSTRUCTION, is a general contracting and construction firm, providing a comprehensive range of residential and commercial construction services. Defendant RAZ CONSTRUCTION has facilities located at 1601 Jackson Street, Suite 202, Fort Myers, Florida 33902, where Plaintiff reported for work.

12. Defendant RAZ CONSTRUCTION employed Plaintiff as a full-time hourly employee from approximately December of 2020, through April 17th, 2026, or over 5 years.

13. Plaintiff worked as a Carpenter and Laborer for the Defendant.

14. From the commencement of his employment, Plaintiff was an hourly employee earning $17.00 per hour.

15. Plaintiff possessed all of the required skills, training, and qualifications for his position and during his employment, Plaintiff performed all of his duties and responsibilities without significant issue or controversy.

16. Despite his strong qualifications, experience, and work ethic, Plaintiff was subjected to discrimination based on his Age while employed by Defendant RAZ CONSTRUCTION.

17. During the last year of his employment, Plaintiff's immediate supervisor, Marco Santo, engaged in a pattern of mistreatment and discrimination against Plaintiff on account of his age.

18. Supervisor Marco Santo disparaged Plaintiff solely on account of his age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of his age.

19. In a frequent and pervasive manner, Supervisor Marco Santo created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and making disparaging comments based on his age. Supervisor Marco Santo frequently referred to Plaintiff as a "Useless old man", and as a "decrepit old man".  Supervisor Marco Santo would also repeatedly make discriminatory comments and remarks

aimed at Plaintiff based on Plaintiff's age.  Supervisor Marco Santo's comments and remarks included, but were not limited to, telling Plaintiff: "I wish you were dead already so that I can throw dirt on your grave!"; "you can't work for this company anymore, you're too old!"; "I don't want any old people here, I am going to fire you!"; and "You are too old, I will find a way to get rid of you!".

20. Supervisor Marco Santo's conduct was not limited to subjecting Plaintiff ENRIQUE to frequent and pervasive psychological abuse.

21. Additionally, as part of the ongoing frequent and pervasive harassment of Plaintiff, Supervisor Marco Santo also engaged in the physical abuse of Plaintiff.  Supervisor Marco Santo's physical abuse included, but was not limited to: hitting Plaintiff with a hammer on his genitals whenever Plaintiff would bend over to perform his work; maliciously humiliating Plaintiff by locking him in bathrooms and/or port-a-potties; and attempting to cause pain and embarrassment on Plaintiff by tripping him so that he would fall.

22. The intentional psychological abuse, along with the intentional physical abuse, created a hostile work environment so severe that it affected the terms and conditions of Plaintiff's employment and created an abusive atmosphere at work.

23. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

24. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

25. Younger employees were treated more favorably than him. Younger employees were not subjected to an objectively hostile work environment.

26. Plaintiff continuously was subjected to objectively intolerable working conditions.

27. These conditions resulted from the unlawful discrimination occurring in the workplace.

28. On or about April of 2026, while Plaintiff was performing his duties, Supervisor Marco Santos grabbed a wooden board, and proceeded to strike Plaintiff ENRIQUE on the ribs, causing him great paid and humiliation.

29. Not being able to withstand the physical and psychological abuse he was being subjected to, and the hostile work environment this abusive conduct created, Plaintiff ENRIQUE engaged in statutorily protected activity by complaining to company management about age discrimination, harassment and abuse.

30. These complaints constituted statutorily protected activity under Federal and State law.

31. Notwithstanding, rather than to address the serious nature of Plaintiff's complaints, Defendant's management personnel dismissed Plaintiff's complaints and objections to age discrimination and did not take any remedial action.

32. Furthermore, on or about April 17th, 2026, three days after Plaintiff had engaged in statutorily protected activity, Supervisor Marco Santo confronted Plaintiff, and in retaliation for having complained, proceeded to physically assault Plaintiff by grabbing and twisting Plaintiff's nipple, causing great pain and humiliation.

33. Fed up with the abuse, Plaintiff ENRIQUE once again engaged in statutorily protected activity by complaining and objecting to Supervisor Marco Santo's unlawful conduct. In response, Supervisor Marco Santo proceeded to tell Plaintiff he did not want to see him anymore and fired him on the spot.

34. Defendant RAZ CONSTRUCTION terminated Plaintiff's employment and Plaintiff's termination constitutes adverse employment action under Federal and State law.

35. Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct. His unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

36. After being terminated, Plaintiff was replaced by a younger employee outside of his protected group.

37. At the time of his termination, Plaintiff was satisfactorily performing the essential functions of his job. The only apparent reason for his termination was unlawful Age discrimination and retaliation.

38. Plaintiff's discharge was directly and proximately caused by Age discrimination, in violation of the ADEA and the FCRA.

39. Therefore, on or about April 17th, 2026, Plaintiff was wrongfully terminated, and his rights under the provisions of the ADEA and the FCRA were violated.

40. Defendant's actions were intentional, malicious, and in reckless disregard of Plaintiff's federally and state-protected rights.

41. Because of Defendant's willful, wanton, and malicious acts, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred

additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

42. Defendant RAZ CONSTRUCTION is vicariously liable for the actions of its management because it failed to take appropriate remedial measures despite being aware of Age discrimination in the workplace was occurring, and effectively ratified Plaintiff's unlawful termination based solely on his age and complaints of age discrimination.

43. Plaintiff has retained undersigned counsel to represent him in this matter and is obliged to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

44. Plaintiff ENRIQUE re-adopts every factual allegation as stated in paragraphs 1-43 above as if set out in full herein.

45. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

46. Defendant RAZ CONSTRUCTION employed Plaintiff as a full-time hourly employee from approximately December of 2020, through April 17th, 2026, or over 5 years.

47. Plaintiff worked as a Carpenter and Laborer for the Defendant.

48. From the commencement of his employment, Plaintiff was an hourly employee earning $17.00 per hour.

49. Plaintiff possessed all of the required skills, training, and qualifications for his position and during his employment, Plaintiff performed all of his duties and responsibilities without significant issue or controversy.

50. Despite his strong qualifications, experience, and work ethic, Plaintiff was subjected to discrimination based on his Age while employed by Defendant RAZ CONSTRUCTION.

51. During the last year of his employment, Plaintiff's immediate supervisor, Marco Santo, engaged in a pattern of mistreatment and discrimination against Plaintiff on account of his age.

52. Supervisor Marco Santo disparaged Plaintiff solely on account of his age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of his age.

53. In a frequent and pervasive manner, Supervisor Marco Santo created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and making disparaging comments based on his age. Supervisor Marco Santo frequently referred to Plaintiff as a "Useless

old man", and as a "decrepit old man". Supervisor Marco Santo would also repeatedly make discriminatory comments and remarks aimed at Plaintiff based on Plaintiff's age. Supervisor Marco Santo's comments and remarks included, but were not limited to, telling Plaintiff: "I wish you were dead already so that I can throw dirt on your grave!"; "you can't work for this company anymore, you're too old!"; "I don't want any old people here, I am going to fire you!"; and "You are too old, I will find a way to get rid of you!".

54. Supervisor Marco Santo's conduct was not limited to subjecting Plaintiff ENRIQUE to frequent and pervasive psychological abuse.

55. Additionally, as part of the ongoing frequent and pervasive harassment of Plaintiff, Supervisor Marco Santo also engaged in the physical abuse of Plaintiff. Supervisor Marco Santo's physical abuse included, but was not limited to: hitting Plaintiff with a hammer on his genitals whenever Plaintiff would bend over to perform his work; maliciously humiliating Plaintiff by locking him in bathrooms and/or port-a-potties; and attempting to cause pain and embarrassment on Plaintiff by tripping him so that he would fall.

56. The intentional psychological abuse, along with the intentional physical abuse, created a hostile work environment so severe that it

affected the terms and conditions of Plaintiff's employment and created an abusive atmosphere at work.

57. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

58. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

59. Younger employees were treated more favorably than him. Younger employees were not subjected to an objectively hostile work environment.

60. Plaintiff continuously was subjected to objectively intolerable working conditions.

61. These conditions resulted from the unlawful discrimination occurring in the workplace.

62. On or about April of 2026, while Plaintiff was performing his duties, Supervisor Marco Santos grabbed a wooden board, and proceeded to strike Plaintiff ENRIQUE on the ribs, causing him great paid and humiliation.

63. Not being able to withstand the physical and psychological abuse he was being subjected to, and the hostile work environment this abusive conduct created, Plaintiff ENRIQUE engaged in statutorily

protected activity by complaining to company management about age discrimination, harassment and abuse.

64. These complaints constituted statutorily protected activity under Federal and State law.

65. Notwithstanding, rather than to address the serious nature of Plaintiff's complaints, Defendant's management personnel dismissed Plaintiff's complaints and objections to age discrimination and did not take any remedial action.

66. Furthermore, on or about April 17th, 2026, three days after Plaintiff had engaged in statutorily protected activity, Supervisor Marco Santo confronted Plaintiff, and in retaliation for having complained, proceeded to physically assault Plaintiff by grabbing and twisting Plaintiff's nipple, causing great pain and humiliation.

67. Fed up with the abuse, Plaintiff ENRIQUE once again engaged in statutorily protected activity by complaining and objecting to Supervisor Marco Santo's unlawful conduct. In response, Supervisor Marco Santo proceeded to tell Plaintiff he did not want to see him anymore and fired him on the spot.

68. Defendant RAZ CONSTRUCTION terminated Plaintiff's employment and Plaintiff's termination constitutes adverse employment action under Federal and State law.

69. Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct. His unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

70. After being terminated, Plaintiff was replaced by a younger employee outside of his protected group.

71. At the time of his termination, Plaintiff was satisfactorily performing the essential functions of his job. The only apparent reason for his termination was unlawful Age discrimination and retaliation.

72. At all times material hereto, the Employer/Defendant RAZ CONSTRUCTION failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) et seq., as amended (ADEA), which states, "It shall be unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in

any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

73. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of the Plaintiff's age, to wit: 68 years of age at the time of his termination.

74. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.  The Plaintiff was qualified for the position apart from his apparent Age.

75. Plaintiff was replaced by a younger employee, with far less experience.

76. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

77. The failure of the Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

78. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's

federally protected rights, discriminated against Plaintiff on account of his Age in violation of the Act with respect to its decision to treat Plaintiff differently from other employees.

79. The Defendant discharged the Plaintiff, and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 68 years old, in violation of the Act.

80. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for his discharge, Plaintiff's Age and complaints.

81. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from discrimination due to their Age. The discrimination based on Age constitutes unlawful discrimination.

82. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

83. Defendant, RAZ CONSTRUCTION, is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination and harassment to which Plaintiff

was subjected to, despite Defendant's knowledge that such discrimination and harassment were occurring.

84. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff ENRIQUE respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RAZ CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff ENRIQUE to the same position he held before the discriminatory personnel action or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff ENRIQUE.

D. Order Defendant RAZ CONSTRUCTION to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for

mental pain, anguish, pain, and humiliation resulting from the employment Discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law, including punitive damages,

G. Award attorney's fees and costs.

<u>Jury Trial Demand</u>

Plaintiff ENRIQUE demands a trial by jury on all issues triable as a matter of right.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA): ANTI-RETALIATION PROVISION**

85. Plaintiff ENRIQUE re-adopts every factual allegation as stated in paragraphs 1-43 above as if set out in full herein.

86. This is an action against Defendant RAZ CONSTRUCTION for unlawful retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

87. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

88. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29

U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because such individual,… has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

89. During the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of Discrimination, and he was further subjected to a hostile work environment based on his Age.

90. On or about April 14th, 2026, Plaintiff engaged in statutorily protected activity and complained about Age discrimination.

91. This complaint constituted protected activity under ADEA.

92. On or about April 17th, 2026, three days after Plaintiff had engaged in statutorily protected activity, Defendant RAZ CONSTRUCTION terminated Plaintiff's employment.

93. By disregarding Plaintiff's complaints and failing to remedy the situation, Defendant knowingly ratified and reinforced its discriminatory conduct. Defendant's refusal to act, despite being placed on clear notice that Plaintiff was being subjected to age

discrimination, demonstrates willful and reckless disregard for Plaintiff's federally protected rights.

94. Plaintiff was replaced by a younger employee with far less experience.

95. Plaintiff's termination occurred shortly after he engaged in protected activity by opposing age discrimination.

96. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

97. At the time of Defendant's termination of his employment, Plaintiff did perform and excel at the performance of the essential functions of his position.

98. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination and hostile work environment due to his Age.

99. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

100. Defendant RAZ CONSTRUCTION is subject to vicarious liability because it failed to take adequate remedial measures to halt the Discrimination, Hostile Work Environment, and Retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such Discrimination, Hostile Work Environment, and Retaliation were occurring.

101. Furthermore, Defendant knowingly condoned and ratified the Age Discrimination and retaliation against Plaintiff.

102. As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

103. Plaintiff ENRIQUE has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

104. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff ENRIQUE respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RAZ CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff ENRIQUE to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RAZ CONSTRUCTION to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the Discrimination against Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## Jury Trial Demand

Plaintiff ENRIQUE demands a trial by jury on all issues triable as a matter of right.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
## CHAPTER 760: DISCRIMINATION BASED ON AGE

105.    Plaintiff ENRIQUE adopts every factual allegation as stated in paragraphs 1-43 and above as if set out in full herein.

106.    The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), and the Florida Civil Rights Act of 1992 (FCRA).

107.    Defendant RAZ CONSTRUCTION employed Plaintiff as a full-time hourly employee from approximately December of 2020, through April 17th, 2026, or over 5 years.

108.    Plaintiff worked as a Carpenter and Laborer for the Defendant.

109.    From the commencement of his employment, Plaintiff was an hourly employee earning $17.00 per hour.

110.    Plaintiff possessed all of the required skills, training, and qualifications for his position and during his employment, Plaintiff performed all of his duties and responsibilities without significant issue or controversy.

111.    Despite his strong qualifications, experience, and work ethic, Plaintiff was subjected to discrimination based on his Age while employed by Defendant RAZ CONSTRUCTION.

112.     During the last year of his employment, Plaintiff's immediate supervisor, Marco Santo, engaged in a pattern of mistreatment and discrimination against Plaintiff on account of his age.

113.     Supervisor Marco Santo disparaged Plaintiff solely on account of his age and expressed his discriminatory animus towards Plaintiff by subjecting Plaintiff to a hostile work environment on account of his age.

114.     In a frequent and pervasive manner, Supervisor Marco Santo created a hostile work environment for Plaintiff by repeatedly yelling at Plaintiff and making disparaging comments based on his age. Supervisor Marco Santo frequently referred to Plaintiff as a "Useless old man", and as a "decrepit old man".  Supervisor Marco Santo would also repeatedly make discriminatory comments and remarks aimed at Plaintiff based on Plaintiff's age.  Supervisor Marco Santo's comments and remarks included, but were not limited to, telling Plaintiff: "I wish you were dead already so that I can throw dirt on your grave!"; "you can't work for this company anymore, you're too old!"; "I don't want any old people here, I am going to fire you!"; and "You are too old, I will find a way to get rid of you!".

115. Supervisor Marco Santo's conduct was not limited to subjecting Plaintiff ENRIQUE to frequent and pervasive psychological abuse.

116. Additionally, as part of the ongoing frequent and pervasive harassment of Plaintiff, Supervisor Marco Santo also engaged in the physical abuse of Plaintiff. Supervisor Marco Santo's physical abuse included, but was not limited to: hitting Plaintiff with a hammer on his genitals whenever Plaintiff would bend over to perform his work; maliciously humiliating Plaintiff by locking him in bathrooms and/or port-a-potties; and attempting to cause pain and embarrassment on Plaintiff by tripping him so that he would fall.

117. The intentional psychological abuse, along with the intentional physical abuse, created a hostile work environment so severe that it affected the terms and conditions of Plaintiff's employment and created an abusive atmosphere at work.

118. Subjectively, Plaintiff felt the hostility to be severe and pervasive.

119. Objectively, any reasonable person in Plaintiff's position would view the hostility as severe and pervasive, and as having the effect of altering the terms and conditions of employment.

120. Younger employees were treated more favorably than him. Younger employees were not subjected to an objectively hostile work environment.

121. Plaintiff continuously was subjected to objectively intolerable working conditions.

122. These conditions resulted from the unlawful discrimination occurring in the workplace.

123. On or about April of 2026, while Plaintiff was performing his duties, Supervisor Marco Santos grabbed a wooden board, and proceeded to strike Plaintiff ENRIQUE on the ribs, causing him great paid and humiliation.

124. Not being able to withstand the physical and psychological abuse he was being subjected to, and the hostile work environment this abusive conduct created, Plaintiff ENRIQUE engaged in statutorily protected activity by complaining to company management about age discrimination, harassment and abuse.

125. These complaints constituted statutorily protected activity under Federal and State law.

126. Notwithstanding, rather than to address the serious nature of Plaintiff's complaints, Defendant's management personnel dismissed

Plaintiff's complaints and objections to age discrimination and did not take any remedial action.

127.    Furthermore, on or about April 17th, 2026, three days after Plaintiff had engaged in statutorily protected activity, Supervisor Marco Santo confronted Plaintiff, and in retaliation for having complained, proceeded to physically assault Plaintiff by grabbing and twisting Plaintiff's nipple, causing great pain and humiliation.

128.    Fed up with the abuse, Plaintiff ENRIQUE once again engaged in statutorily protected activity by complaining and objecting to Supervisor Marco Santo's unlawful conduct.  In response, Supervisor Marco Santo proceeded to tell Plaintiff he did not want to see him anymore and fired him on the spot.

129.    Defendant RAZ CONSTRUCTION terminated Plaintiff's employment and Plaintiff's termination constitutes adverse employment action under Federal and State law.

130.    Plaintiff's termination was clearly motivated by discriminatory animus and retaliatory conduct.  His unjustified termination demonstrates willful and reckless disregard for Plaintiff's federally and state-protected rights.

131.     After being terminated, Plaintiff was replaced by a younger employee outside of his protected group.

132.     At the time of his termination, Plaintiff was satisfactorily performing the essential functions of his job. The only apparent reason for his termination was unlawful Age discrimination and retaliation.

133.     At all times material hereto, the Employer/Defendant, RAZ CONSTRUCTION, failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, National Origin, age, handicap, or marital status*"

134.     The Discrimination of Plaintiff ENRIQUE by Defendant RAZ CONSTRUCTION was caused by Defendant being aware of Plaintiff's Age.

135.     Defendant's decision to discriminate against Plaintiff ENRIQUE was based on Plaintiff's Age.

136.     At all relevant times, including the time of Discrimination, Defendant RAZ CONSTRUCTION was aware that Plaintiff ENRIQUE was 68 years old.

137.	At the time of the unlawful Discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

138.	The Plaintiff was qualified for the position apart from his apparent Age.

139.	Plaintiff was replaced by a younger employee, with far less experience.

140.	Defendant RAZ CONSTRUCTION is a sophisticated employer who is aware of the requirements of the Florida Civil Rights Act, Chapter 760.

141.	The failure of Defendant RAZ CONSTRUCTION to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

142.	Defendant RAZ CONSTRUCTION, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's state-protected rights, discriminated against Plaintiff ENRIQUE on account of his Age in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

143.    Defendant RAZ CONSTRUCTION wrongfully terminated Plaintiff ENRIQUE, and Defendant's unjustified age discrimination against Plaintiff directly and proximately caused Plaintiff's termination from employment.

144.    As a direct and proximate result of Defendant's intentional conduct, Plaintiff ENRIQUE suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

145.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, RAZ CONSTRUCTION, is a mere pretext for the actual reasons for the discharge, Plaintiff's Age.

146.    Defendant RAZ CONSTRUCTION is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination and Harassment to which Plaintiff was subjected to, despite Defendant's knowledge that such Discrimination and Harassment were occurring.

147.    Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights, protecting a person from Discrimination due to their Age.

148.     Discrimination based on Age constitutes unlawful Discrimination in violation of the Florida Civil Rights Act, Chapter 760.

149.     Plaintiff ENRIQUE has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff ENRIQUE respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RAZ CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Age;

B. Reinstate Plaintiff ENRIQUE to the same position held before the discriminatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RAZ CONSTRUCTION to make Plaintiff ENRIQUE whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages and attorney's fees (§448.104, Fla. Stat.)

<u>Jury Trial Demand</u>

Plaintiff ENRIQUE demands a trial by jury on all issues triable as a matter of right.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA STATUTES; RETALIATION

150.    Plaintiff ENRIQUE re-adopts every factual allegation as stated in paragraphs 1-43 of this Complaint as if set out in full herein

151.    This is an action against Defendant RAZ CONSTRUCTION for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes (FCRA).

152.    The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), and the Florida Civil Rights Act of 1992 (FCRA).

153.    The FCRA contains an anti-retaliation provision forbidding employers from retaliating against or taking adverse personnel action against employees who exercise their lawful and protected rights under Title VII.

154.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in the applicable part, as follows:

"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

155.    During the time the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of Discrimination, and he was further subjected to a hostile work environment based on his Age.

156.    On or about April 14th, 2026, Plaintiff engaged in statutorily protected activity and complained about Age discrimination.

157.    This complaint constituted protected activity under FCRA.

158.    On or about April 17th, 2026, three days after Plaintiff had engaged in statutorily protected activity, Defendant RAZ CONSTRUCTION terminated Plaintiff's employment.

159.    By disregarding Plaintiff's complaints and failing to remedy the situation, Defendant knowingly ratified and reinforced its

discriminatory conduct. Defendant's refusal to act, despite being placed on clear notice that Plaintiff's was being discriminated, demonstrates willful and reckless disregard for Plaintiff's state protected rights.

160. Plaintiff was replaced by a younger employee with far less experience.

161. Plaintiff's termination occurred shortly after he engaged in protected activity by opposing age discrimination.

162. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

163. Defendant RAZ CONSTRUCTION is subject to vicarious liability because it failed to take adequate remedial measures to halt the Discrimination, Hostile Work Environment, and Retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such Discrimination, Hostile Work Environment, and Retaliation were occurring.

164. Furthermore, Defendant knowingly condoned and ratified the Age Discrimination and retaliation against Plaintiff.

165.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered injury and losses, including a violation of his statutory rights.

166.    The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, enjoyment of life, loss of past and future wages, and an inability to earn wages in the future. These losses are continuing and will continue in the future.

167.    Plaintiff ENRIQUE has retained the law offices of the undersigned attorney to represent him in this action and is obliged to pay reasonable attorneys' fees and costs.

### Prayer For Relief

Wherefore, Plaintiff ENRIQUE respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant RAZ CONSTRUCTION, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B. Award Plaintiff ENRIQUE judgment against Defendant for compensatory damages as determined by the Trier of fact.

C. Award Plaintiff restitutionary damages, including back pay, front pay, liquidated damages, any "Employee Welfare Benefits", and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D. Enter Judgment for Punitive damages against Defendant RAZ CONSTRUCTION.

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Jury Trial Demand</u>

Plaintiff ENRIQUE demands a trial by jury on all issues triable as a matter of right.

Dated: July 21st, 2026                    Respectfully submitted,

By: _/s/ *Alexis Mena-Glasgow*_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Ave., Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
**alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*